BUDD H. ATKINSON

*v.*

BENJAMIN ATKINSON et al.

[Argued December 8th, 1914.   Decided December 9th, 1914.]

The common-law rule that the personal estate is the primary fund for
the payment of debts, including mortgages on real property, descending
to the heir, has been changed by *Comp. Stat. p. 3421*, providing that
where a mortgage has been given for the debt, all proceedings to collect
the debt shall be first by foreclosure, thereby making the mortgaged prop-
erty the primary fund, so that the heir is not entitled to have the mort-
gage paid by the administrator out of the personal assets.

On demurrer to bill.

*Messrs. Davis & Davis,* for the demurrants.

*Mr. William A. Slaughter,* for the complainant.

BACKES, V. C.

This bill is filed by an heir-at-law to compel the administrator
of his ancestor to exonerate descended lands from the lien of a
mortgage made by the ancestor to secure her bond.   The next
of kin demur.

Under the common law, the personal estate was the primary
fund for the payment of debts, including those secured by mort-
gage, and the right of the heir-at-law to have his land discharged
of a mortgage lien out of the personal assets was well settled.
But the legislature, in 1881, enacted:

"That in all cases where a bond and mortgage has or may hereafter be
given for the same debt, all proceedings to collect said debt shall be first
to foreclose the mortgage;"

and further provided that any deficiency may be recovered by
an action on the bond.  *Comp. Stat. p. 3421.*

This court, in the case of *Smith* v. *Wilson,* *79 N. J. Eq.* *310,* held that this legislation makes the mortgaged property the primary fund out of which the debt secured is to be paid, and abolishes the right of heirs to be exonerated from a mortgaged debt created and owed by the ancestor out of the personal estate of such ancestor.

The demurrer will be sustained, and the bill dismissed, with costs.